UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Divesh Valanju, #70619-018,<br>                              Plaintiff,<br><br>vs.<br><br>Federal Bureau of Prisons,<br>F.C.I. Williamsburg,<br>                              Defendants. | C/A No. 4:25-5330-RMG-TER<br><br>Report and Recommendation |

This is a civil action filed by a federal prisoner, proceeding *pro se*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. Plaintiff paid the filing fee.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

The crux of Plaintiff's Complaint is that he has not been allowed to use Trulincs, the service the BOP uses for prisoners to send electronic messages. (ECF No. 1). Plaintiff attempts to couch this as a claim under the Administrative Procedures Act (APA). (ECF No. 1). Plaintiff alleges his mail never reaches its destinations in India. (ECF No. 1 at 2). Plaintiff himself notes "the warden has discretion to make that determination to deny Plaintiff the privilege of emails access." (ECF No. 1 at 3).

First, Defendant F.C.I. Williamsburg is not a proper party and is subject to summary dismissal, as it is a building and not an agency. The analysis proceeds as to the federal agency Defendant FBOP.

APA

"Section 3625 of Title 18 of the United States Code clearly states that the APA does not apply to prisoners." *Searcy v. Fed. Bureau of Prisons*, No. 6:07-CV-3146GRA, 2007 WL 4322152,

at *3 (D.S.C. Dec. 6, 2007). Courts may review BOP action or policy that violates the Constitution. *See Myers v. Williams*, 2015 WL 13735447, at *5 (N.D.W. Va. Oct. 19, 2015) (*citing Webster v. Doe*, 486 U.S. 592 (1988); *Turner v. Safley*, 482 U.S. 78, 84 (1987); *Procunier v. Martinez,* 416 U.S. 396, 405 (1974)). However, prisoners have no First Amendment constitutional right to access email. *Grayson v. Fed. Bureau of Prisons*, 2012 WL 380426, at *3 (N.D.W. Va. Feb. 6, 2012); *Hower v. Stewart,* 2018 WL 4384150, at *8 (D. Md. Sept. 14, 2018)(collecting cases). The BOP's guidelines are "internal agency guidelines, which are not subject to the rigors of APA." *Rice v. Hogsten*, 2014 WL 4656119, at *5 (S.D.W. Va. Sept. 16, 2014). Plaintiff has failed to state a claim upon which relief could be granted under the APA.

FTCA

As a matter of liberal construction and because the Defendant named is an agency, the court considers whether Plaintiff's allegations state a claim under the FTCA. A claim against an agency like FBOP would be under the FTCA and requires exhaustion under Standard Form 95. Plaintiff has not alleged that he has exhausted any liberally construed FTCA claim. Further, even if Plaintiff exhausted under the FTCA, the discretionary function exception here would bar Plaintiff's claims. The discretionary function exception is intended "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984). The Fourth Circuit has found that this discretionary function exception applies (1) when the act or omission "involves an element of judgment or choice" and (2) when this "judgment was one that the exception was designed to protect, namely, a judgment based on considerations of public policy." *Rich v. United States*, 811 F.3d 140, 144 (4th Cir. 2015). The FBOP's response to Plaintiff's grievances and the

3

program statement 4500.12 show that Trulincs participation decisions are based on individual history of behavior, no inmate is entitled to access, and each request is considered on a case-by-case basis.

Plaintiff has failed to state a claim under the FTCA.

*Bivens*

As a matter of liberal construction, the court considers whether Plaintiff states a *Bivens* claim. No individual defendant has been sued here and no *Bivens* claim has been recognized for the First Amendment.[1] "The Supreme Court has never recognized a First Amendment based Bivens remedy in any context." *Earle v. Shreves*, 990 F. 3d 774, 779 (4th Cir. 2021) (*citing Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims")); *Egbert v. Boule*, 596 U.S. 482, 498–99 (2022). Liberally construed, Plaintiff has failed to state a *Bivens* claim.

In Plaintiff's attachments, Plaintiff stated "as per my conviction, there is no use of email system in my case." (ECF No. 1 at 18). Public records show Plaintiff pleaded guilty and was convicted of the production of child pornography; Plaintiff met his eleven-year-old victim online, exchanged videos and images, met her in person, and filmed her. *U.S. v. Valanju*, No. 2:18-cr-0079-SPC (M.D. Fla. 2019)(ECF No. 49). The regional director's response noted: "Your current offense conviction involved the use of email, computer, and other media outlets to perpetrate your crime." (ECF No. 1 at 21). Plaintiff attaches his Recidivism Risk Assessment that notes he has a Walsh conviction. (ECF No. 1 at 30). "Pursuant to the Walsh Act, the Bureau of Prisons maintains policies

---

[1] Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 (1982)(cited recently by *Adams v. Warden Edgefield FCI*, No. 6:25-CV-01151-JD-KFM, 2025 WL 1886362, at *4 (D.S.C. Apr. 14, 2025), *adopted*, 2025 WL 1884116 (D.S.C. July 8, 2025).

requiring it to evaluate whether inmates are sexually dangerous persons and, inter alia, whether their TRULINCS access should be restricted or denied." *Hill v. Roop*, 2022 WL 866266, at *2 (S.D.W. Va. Mar. 22, 2022)(citing BOP Policy No. 4500.12 Part 14.9(a)(1); BOP Policy No. 5394.01).

Plaintiff has failed to state a claim upon which relief can be granted and this action is subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this action *without prejudice and without issuance and service of process*.

|  |  |
|---|---|
| August 6, 2025 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).