# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Divesh Valanju, #70619-018, | Case No. 4:25-5330-RMG |
| Plaintiff, | |
| v. | |
| Federal Bureau of Prisons. F.C.I. Williamsburg, | **ORDER** |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 21). Plaintiff was advised that he had 14 days to file objections to the R & R and a failure to file objections would result in limited, clear error review and waiver of the right to file an appeal from the District Court's order. (*Id*. at 6). No objections were filed by Plaintiff.

**I.   Background**

Plaintiff, a federal prisoner, brought this pro se action challenging the Federal Bureau of Prisons' decision to deny him access to Trulincs, the BOP's service for prisoners to send electronic mail. Plaintiff has been denied access to email because he has been convicted of production of child pornography, which involved use of the internet to contact his eleven year old victim and later met her in person and filmed her. (Dkt. No. 1 at 21, 23). Plaintiff seeks to challenge the denial of email access under the Administrative Procedures Act.

1

## II. Legal Standards

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

2

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III. Discussion

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Defendant F.C.I. Williamsburg is not a proper party and that Plaintiff fails to state a claim upon which relief can be granted against Defendant Federal Bureau of Prison under the Administrative Procedures Act, Federal Tort Claims Act, or a *Bivens* claim. (Dkt. No. 21 at 2-5).

### Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 21) as the Order of the Court and **DISMISSES** this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

  s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

August 26, 2025  
Charleston, South Carolina